## JOSH AND HELEN NEWMAN · *v.* STATE.

1. CRIMINAL LAW. *Incest. Indictment. "Feloniously."* Code 1880, § 2701.

    An indictment against uncle and niece, alleging that they, being within the degrees making marriages incestuous, did live and cohabit together, and were guilty of adultery and fornication, he being · a married man and she an unmarried woman, charges no offense. It is not good as an indictment for incest under § 2701 of the code, as incest is a felony, and it is not alleged that the criminal act was *feloniously* done. ⌐ *Bowler* v. *State*, 41 Miss., 570.

2. SAME. *Unlawful cohabitation. Indictment. "Habitually."* Code 1880, § 2700.

    Nor is it good as an indictment for unlawful cohabitation under § 2700, code 1880, since it is not averred that the parties were guilty of *habitual* sexual intercourse. *Granberry* v. *State*, 61 Miss., 440.

FROM the circuit court of Panola county.

HON. JAMES T. FANT, Judge.

In an indictment it was charged that the appellants, "the said Josh Newman, then and there being the uncle of the said Helen Newman, ånd she, the said Helen Newman, then and there being the niece of the said Josh Newman, and the said Helen Newman being thereby within the degrees within which marriages are declared by law to be incestuous and void, did live and cohabit together, and were guilty of adultery and fornication, he, the said Josh Newman, being a married man, and the said Helen Newman being an unmarried woman, did so live and cohabit together, and have sexual

intercourse with each other, contrary to the form of the statute," etc.

The parties were convicted of unlawful cohabitation. They moved in arrest of judgment, on the ground that the indictment charged no offense, and their motion was overruled. There was no bill of exceptions, and therefore the record contains none of the testimony. There seems to have been no effort to convict of incest, but the court gave certain instructions in reference to unlawful cohabitation.

*Ira D. Oglesby*, for appellant.

The indictment is fatally defective, and charges no offense. It is not sufficient as an indictment for incest, because it does not charge that the acts were *felonious*.

It is insufficient as an indictment for unlawful cohabitation, because it does not charge that the cohabitation was *habitual*. If the defendant can, under any circumstances, do all that is charged and yet be innocent, the indictment charges no offense. As to the sufficiency of the indictment, the court is referred to *Sullivan* v. *State*, 67 Miss., 346.

*T. M. Miller*, attorney-general, for the state.

It is not claimed that the indictment is good under § 2701 of the code, because of the omission of the word "feloniously;" but on a motion in arrest of judgment, upon the ground that it charges no offense, it is maintained that the indictment is good under § 2700 of the code in relation to unlawful cohabitation and adultery. If an offense is sufficiently charged under a statute, language relating to a felony under another statute will be treated as surplusage. The only objection to this indictment under § 2700 is the absence of the word "unlawful." But, as that is involved, the defect is formal only, and the objection should have been made by demurrer, on motion to quash. Code 1880, § 3012. Then an amendment would have been permissible. See 1 Bish. Cr. Pro., § 503.

COOPER, J., delivered the opinion of the court.

The motion in arrest of judgment should have been sustained. The indictment charges no offense. It is not good as an indictment for incest, under § 2701 of the code, for the reason that incest is a felony, and the indictment fails to aver that the criminal act was feloniously done. *Bowler* v. *State*, 41 Miss., 570.

It does not charge the offense of unlawful cohabitation under § 2700 of the code, for it fails to aver that the parties were guilty of *habitual* sexual intercourse, and that is the gist of the offense. *Carotti* v. *State*, 42 Miss., 334; *Kinnard* v. *State*, 57 *Ib.*, 132; *Granberry* v. *State*, 61 *Ib.*, 440.

*The judgment is reversed, judgment on the verdict arrested and the defendants directed to be held to answer such indictment as may be preferred against them.*