## Jones v. State.

(Division B.   Dec. 31, 1923.)

[98 South.   342.   No. 23680.]

1. INDICTMENT AND INFORMATION.   *Signed paper, not sworn to and
   subscribed before officer, no affidavit.*

   A piece of paper signed by one, but not sworn to and subscribed
   before an officer, is no affidavit.

2. INDICTMENT AND INFORMATION.   *Affidavit stating no venue insuffi-
   cient and not cured by statute.*

   An affidavit which states no venue is imperfect.   It is not cured
   by section 1184, Hemingway's Code (Section 1428, Code of 1906),
   which relates to an improper or imperfect statement of venue.

3. LEWDNESS.   *Affidavit held insufficient to charge habitual sexual in-
   tercourse.*

   133 Miss.—51

An affidavit which states that an unmarried male person did un-
lawfully and habitually cohabit with a female person, omitting
therefrom that this cohabitation was either in adultery or forni-
cation, and also omitting that the parties were guilty of habitual
sexual intercourse, is defective.

4. LEWDNESS. *Habitual sexual intercourse held gist of offense under
statute.*

This alleged affidavit was attempted to be made under section
1029, Code of 1906 (section 754, Hemingway's Code). Habitual
sexual intercourse is the gist of the offense under this statute.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Lewis Jones was convicted of an offense, and he ap-
peals. Reversed and remanded.

*Davis & Hill,* for appellant.

The affidavit is in the following words: "The state of
Mississippi, county of Forrest. Before me, the under-
signed J. P. in and for district 1 of said county and state,
J. M. Hooks makes oath that on or about March 3, 1923,
Lewis Jones, an unmarried male person, did unlawfully
and habitually, prior thereto, cohabit with Mrs. J. M.
Hooks a female person.

J. M. HOOKS.

Sworn to and subscribed this March 3, 1923.

————————."

We respectfully submit that the above affidavit wholly
fails to charge the crime of adultery. The charge is
brought under section 1029, Code 1906 (section 1754,
Hemingway's Code), which provides: "If any man and
woman shall unlawfully cohabit, whether in adultery or
fornication, they shall be fined in any sum not more than
five hundred dollars each, and imprisoned in the county
jail not more than six months; and it shall not be neces-

sary, to constitute the offense, that the parties shall dwell together publicly as husband and wife, but it may be proved by circumstances which show habitual sexual intercourse.''

''In an indictment for a purely statutory offense, where the language is so specific as to give notice of the act made unlawful, and so exclusive as to prevent its application to other acts, it is sufficient to charge the offense by using only the words of the statute. But where the wording of the statute is broader than its purpose, and the prohibited act does not clearly appear, or where under certain circumstances, one may lawfully do the thing forbidden, it is necessary to depart from the language used and indict in words aptly charging the offense.'' Section 110, Indictments, Vol. 2, Bobbs-Merrill Miss. Digest, citing: (1899) *Sullivan* v. *State,* 67 Miss. 346, 7 So. 275; (1895) *Rawls* v. *State,* 70 Miss. 739, 12 So. 584; (1893) *State* v. *Bardwell,* 72 Miss. 535, 18 So. 377; (1907) *Richburger* v. *State,* 90 Miss. 806, 44 So. 772.

It will be observed, however, that the affidavit in this case does not even charge the crime in the words of the statute. The gist of the offense is habitual sexual intercourse, and the affidavit neither charges that the parties habitually cohabited together ''in adultery'' or that the parties habitually and unlawfully committed sexual intercourse. The cohabitation prohibited by the statute is that which consists in adultery, or fornication, or in habitual sexual intercourse. In the case of *Newman* v. *State,* 69 Miss. 393, Josh Newman and Helen Newman were uncle and niece and the indictment charged that they ''were guilty of adultery and fornication, he, the said Josh Newman, being a married man, and the said Helen Newman being an unmarried woman, did so live and cohabit together, and have sexual intercourse with each other,'' etc. The court said the indictment was not good as one for incest because it failed to charge that the act was feloniously done, and it was not sufficient to charge adultery be-

cause it failed to aver that the parties were guilty of habitual sexual intercourse, citing *Carotti* v. *State*, 42 Miss. 334; *Kinnard* v. *State*, 57 Ib. 132; *Granberry* v. *State*, 61 Ib. 440.

The affidavit was also fatally defective in that the venue is not alleged. It does not charge in what justice district the crime was committed, neither the county nor the state. So far as the place is concerned, we are left to conjecture whether it was in Forrest county or Halifax, and verily the proof, such as it was, did take us out of the county and state, to-wit—New Orleans and Vicksburg. This is not a case of an imperfect venue, but one of no venue at all, being alleged, and being jurisdictional may be raised for the first time on appeal. *Monroe* v. *State*, 60 So. 773; *Quillen* v. *State*, 64 So. 736; *Cagle* v. *State*, 63 So. 672; *Kyle* v. *Town of Calhoun City*, 86 So., 340; *Hortan* v. *State*, 86 So. 338; *Norwood* v. *State*, 93 So. 354; *Pittman* v. *State*, 65 So. 123; *State* v. *Glennon et al.*, 47 So. 550. A valid and proper charge is indispensable to confer jurisdiction. *Morris* v. *State*, 118 Miss. 605, 7 So. 811; *Hall* v. *State*, 91 Miss. 216, 44 So. 826; *Woodson* v. *State*, 94 Miss. 370, 48 So. 295.

The evidence is wholly insufficient to support the verdict. It is now too firmly established by this court to be questioned that unlawful co-habitation is habitual sexual intercourse, and this the state wholly failed to show. Only one lying together was shown. Even occasional acts of intercourse are insufficient to convict where the parties do not live together. *Spikes* v. *State*, 98 Miss. 483, 54 So. 1; *Granberry* v. *State*, 61 Miss. 440; *Brown* v. *State*, 8 So. 257.

*S. C. Broom*, Assistant Attorney-General, for the state.

The charge is brought under section 1029, Code of 1906, section 1754, Hemingway's Code. The affidavit itself, however, is as follows:

"State of Mississippi, County of Forrest.

Before me the undersigned J. P. in and for district 1 of said county and state, J. M. Hooks makes oath that on or about March 3, 1923, Lewis Jones an unmarried male person did unlawfully and habitually prior thereto cohabit with Mrs. J. M. Hooks, a female person.

J. M. HOOKS.

Sworn to and subscribed this March 3, 1923."

It will be observed that no venue is stated in this affidavit. It will also be noted that the justice of the peace did not sign the affidavit.

There are six assignments of error. The first assignment of error is without merit, being based upon the proposition that there was no valid charge against the appellant for the reason that the affidavit does not charge any crime against appellant.

Even though there was any merit in this contention appellant could not here and now avail himself of any such defect because it was not demurred to on the trial of the case, and no objection was made to it. We submit as a matter of fact that it does sufficiently charge an offense as provided for in the section under which it was brought.

The second assignment of error charges that no venue whatever is laid in the pretended affidavit, and that is true.

And likewise the third assignment of error which points out the failure of the justice of the peace to sign the affidavit. Counsel has cited many authorities which hold that venue is a jurisdictional question and can be raised for the first time in this court on appeal, and this we also concede to be true. But these authorities, and this rule are not in the same section, township and range with the question involved in the trial of this case.

This case is controlled by the rule as stated in the case of *Holly* v. *State of Mississippi,* 74 Miss. 878, in which this court held that: "If a justice of the peace has juris-

diction of the subject-matter of a criminal prosecution, the defendant waives the question of the jurisdiction of his person by pleading not guilty and going to trial."

And to the same effect is the rule, as stated in the case of *Ex Parte Joseph Grubbs,* 79 Miss. 358, as follows: "Where a justice of the peace acquires jurisdiction of the person of a defendant charged with a misdemeanor, his judgment cannot be collaterally attacked." Ex Parte Grubbs, 79 Miss. 358.

Rejoinder brief for the state.

When we filed our original brief in this case we did not know that section 1184 of Hemingway's Code was in the book. The statute reads as follows: "An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day that never happened, nor for the want of a proper or perfect venue."

This statute is an absolute answer to the question raised in this case. See also the case of *Smith* v. *Oxford,* 91 Miss. 651, and we therefore submit that the case should be affirmed.

SYKES, P. J., delivered the opinion of the court.

In the circuit court the appellant was tried upon what purports to be an affidavit, which reads as follows:
"State of Mississippi, County of Forrest.

"Before me, the undersigned J. P., in and for district 1 of said county and state, J. M. Hooks makes oath that on or about March 3, 1923, Lewis Jones, an unmarried male person, did unlawfully and habitually prior thereto cohabit with Mrs. J. M. Hooks, a female person.
                                  " [Signed] J. M. HOOKS.
"Sworn to and subscribed this March 3, 1923."

This alleged affidavit was attempted to be made under section 1029, Code of 1906 (Hemingway's Code, section 754).

As a matter of fact this is not an affidavit, because it does not show that it was sworn to and subscribed before an officer. Evidently the acknowledgment of this affidavit was meant to be taken by a justice of the peace. This, however, does not show on the paper, and neither does the testimony show that as a matter of fact Hooks swore to and subscribed that it was done. It is no more than a vagrant piece of paper as it now appears in the record. Even were it properly sworn to as an affidavit, it would be defective because no jurisdiction whatever is shown thereby. It is not a case of an attempt to show venue or of an improper or imperfect venue which is cured by section 1184, Hemingway's Code (Code of 1906, section 1428), but is a total failure to show any venue.

This alleged affidavit states that Lewis Jones "did unlawfully and habitually prior thereto cohabit with Mrs. J. M. Hooks, a female person." It does not allege that this unlawful cohabitation was either in adultery or fornication. Neither does it aver that the parties were guilty of habitual sexual intercourse.

In the case of *Newman* v. *State*, 69 Miss. 393, 10 So. 580, it is held that habitual sexual intercourse is the gist of the offense under this statute. The appellant was not tried on an affidavit charging any offense. We are not called upon to say whether the defects in this paper can be amended.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*