GRIFFIN *v.* STATE.*

(Division B.   October 5, 1925.)

[105 So. 457.   No. 24683.]

INDICTMENT AND INFORMATION. *Affidavit, failing to charge venue, fatally defective.*

Affidavit, failing to charge venue of the offense, vagrancy, is fatally defective, and will not support conviction.

*Headnote 1.   Indictments and Informations, 31 C. J., Section 198.

APPEAL from circuit court of Pike county.

HON. E. J. SIMMONS, Judge.

Dave Griffin was convicted of vagrancy, and appeals. Reversed and remanded.

*Jas. A. Wiltshire,* for appellant.

Neither the affidavit, as originally written nor as amended charged the time when the offense was committed or the place, nor does the affidavit charge an actual belief that the defendant is a vagrant, etc., and does not state that the affidavit was made on his information and belief, but that he merely "suspects and from information and belief that Dave Griffin as being a vagrant," etc.

The court should have required the district attorney to charge the commission of the crime within the Justice of Peace District Supervisor's District No. 2, and place certain, so as to inform the defendant of the nature, cause, time, and place of the accusation against him.

On these propositions we cite the following leading authorities: 171 Const. of Miss.; sec. 2248, Hemingway's Code, Jurisdiction of J. P.; 1169, Hemingway's Code, Limitation of Prosecutions; *Greegs* v. *State,* (Ala.), 8 So. 490; *Williams* v. *State* (Miss.), holding suspicion not enough to convict; *Walters* v. *State* (Ga.), 52 Ga. 574, holding doctor's testimony overthrows laymen's as to defendant being able to work; *Hicks* v. *State* (Ga.), 76 Ga. 326; *Hartman* v. *State* (Ga.), 119 Ga. 427, 46 S. E. 628; *Lenard* v. *State,* 5 Ga. App., 494, 63 S. E. 530.

The affidavit as amended does not charge the crime to have been committed at a time, that is within two years of the trial, nor at a place, that is, in the second Supervisor's District. Judge Huff had jurisdiction only of misdemeanors committed within the past two years and only those committed within the second Supervisor's District of Pike county. We raised these propositions on our demurrer.

*Harry M. Bryan,* Assistant Attorney-General, for appellee.

It is urged that the venue was not laid in the affidavit. We call the attention of the court to the affidavit itself

which by its caption read: "State of Mississippi, Pike county," and "Supervisors District No. 2," which appears in its body.

As to the time of the commission of the act it will be seen that the affidavit charges it as in the present tense. Sections 3332 and 3333 under which the affidavit was filed, recognizes the fact that crime of vagrancy is a continuing one, and where the affidavit is made as in the present tense proof is admissible as within the two year period. Section 333 makes it the duty of officers "to give information under oath to any officer empowered to issue criminal warrants of all vagrants within their knowledge or whom they have good reason to suspect as being vagrants." The allegation of time is thus shown by the statute itself to refer to conditions existing at the time the affidavit is made. Even so, if at all erroneous, it would be cured by section 1184, Hemingway's Code, which prevents the failure of conviction where an indictment might be held to be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense and for failing to state a proper or perfect venue.

Although section 3333, Hemingway's Code, authorizes proceedings to be instituted upon an affidavit that an officer suspects one of being a vagrant, the district attorney went further in the instant case and took the precaution of amending it so as to base it upon information and belief.

The proof is ample in this case, the jury convicted and we submit that the cause should be affirmed.

*Jas. A. Wiltshire,* in reply, for appellant.

The affidavit does not charge a crime, of which the Justice D. M. HUFF, 2nd District, had jurisdiction,—namely, a crime committed within the past two years, and one committed within the second supervisor's district.

It is said in *Jones* v. *State,* 133 Miss. 801, at 806-807; 98 So. 342: "Even were it (the affidavit) properly sworn to as an affidavit, it would be defective because no jurisdiction whatever is shown thereby. It is not a case of an attempt to show venue or an improper or imperfect venue which is cured by section 1184, Hemingway's Code, but is a total failure to show any venue."

The affidavit in the *Jones case, supra,* like the one at bar quoted in my original brief, states the justice is "a justice of the peace, of said county, in Supervisors District No. 2," or in Pike county, or for that matter in Mississippi, not an imperfect or improper venue, but no venue at all, being jurisdictional, could be raised here the first time, even had we not filed the demurrer. See also: *Monroe* v. *State,* 60 So. 773; *Quillen* v. *State,* 64 So. 736; *Cagle* v. *State,* 63 So., 672; *Kyle* v. *Town of Calhoun City,* 86 So. 340; *Horton* v. *State,* 86 So. 338; *Norwood* v. *State,* 93 So. 354; *Pittman* v. *State,* 65 So. 123; *State* v. *Glennon et al.,* 47 So. 550. A valid and proper charge is indispensable to confer jurisdiction. *Morris* v. *State,* 118 Miss. 605; *Hall* v. *State,* 91 Miss. 216; *Woodson* v. *State,* 94 Miss. 370. This alone should reverse the case.

HOLDEN, P. J., delivered the opinion of the court.

Dave Griffin appeals from a conviction on a vagrancy charge, and urges reversal on the ground that the affidavit upon which he was convicted was defective and void, in that it failed to charge the time and place of the offense. Several other errors are assigned by appellant, but we shall notice but one, and that is the question as to whether the affidavit was fatally defective in failing to charge the venue.

The affidavit involved was made before a justice of the peace in district No. 2, Pike county, Miss., and after a conviction, before the justice, appeal was taken to the circuit court, where the affidavit was allowed to be amended. After the affidavit was amended, the trial proceeded thereon, over the objection of the appellant, and a conviction was had, which resulted in a sentence of im-

prisonment for thirty days in the county jail. The amended affidavit, upon which the appellant was tried, is here set out, to-wit:

"State of Mississippi, Pike County.

"Before me, D. M. Huff, a justice of the peace of said county, in supervisor's district No. 2, H. E. Guy, deputy sheriff makes affidavit that he had good reasons to suspect and from information and belief that Dave Griffin as being a vagrant, leading an idle, immoral, or profligate life, having no property to support him, able to work, and does not work, and no visible means of support, against the peace and dignity of the state of Mississippi.

"H. E. GUY.

"Sworn to and subscribed before me this 28th day of May, 1924.

"D. M. HUFF, J. P."

The affidavit is obviously imperfect in form and substance, but we shall pass upon and condemn it upon one ground only, and that is that it fails to charge the venue of the offense. It does not allege that the offense was committed in supervisor's district No. 2, Pike county, state of Mississippi. The venue is a very essential part of the charge, and the failure pointed out above makes the affidavit fatally defective, and for that reason the judgment of the lower court must be reversed, and the case remanded. *Jones* v. *State,* 133 Miss. 801, 98 So. 342.

*Reversed and remanded.*